UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

***********

| | |
|---|---|
| GREAT AMERICAN SPORTS COMPLEXES, LLC, | Case No. 1:11-cv-719 |
| Plaintiff, | Honorable Robert Holmes Bell |
| Vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| FIFTH THIRD BANK; an Ohio banking corporation, successor by merger with FIFTH THIRD BANK, a Michigan banking corporation, | |
| Defendant. | |

| | |
|---|---|
| T. Michael Doyle (P12931) | Jeffrey O. Birkhold (P27905) |
| DOYLE & MALINZAK, P.C. | Jeanne F. Long (P71470) |
| Attorney for Plaintiffs | WARNER NORCROSS & JUDD LLP |
| 10967 Paw Paw Drive | Attorneys for Defendant |
| Holland, Michigan 49424 | 111 Lyon NW |
| (616) 335-2700 | Grand Rapids, Michigan 49503-2487 |
| | (616) 752-2131 |

NOW COMES Plaintiff, Great American Sports Complexes, LLC ("GASC"), by

and through their attorney T. Michael Doyle and for its First Amended Complaint against

Defendant, states as follows:

**AMENDED GENERAL ALLEGATIONS**

1. Plaintiff Great American Sports Complexes, LLC ("GASC") is a

    Michigan limited liability company doing business in the State of

    Michigan with a registered office at 217 East 24th Street, Suite 201,

    Holland, Michigan 49423.  The resident agent is Kurt S. Bauer whose

    address is 217 East 24th Street, Suite 201, Holland, Michigan 49423.

2. Plaintiff has four members:

   a. John J. Smith is a citizen of the State of Michigan, 311 S. River Street, Holland, Michigan 49423.

   b. Brett J. Roach is a citizen of the State of Michigan, 1454 Stoney Lake Drive, Holland, Michigan 49424.

   c. Ron Achterhof is a citizen of the State of Michigan, 2612 Prairie Avenue, Holland, Michigan 49424.

   d. Eric J. Schroeder is a citizen of the State of Illinois, 8804 20th Street West, Rock Island, Illinois 61201.

3. Defendant Fifth Third Bank ("Bank") is an Ohio banking corporation with its principal office and registered office in Cincinnati, Ohio and is doing business in the State of Michigan.

4. The amount in controversy exceeds $1,000,000.00.

5. Venue is proper in the United States District Court, Western District of Michigan because of diversity of citizenship.  None of the Plaintiff's members is a citizen of the State of Ohio.

6. On or about June 6, 2008, Defendant Bank solicited the banking business of Plaintiff and Defendant Bank negotiated and approved a loan funding agreement with Plaintiff.  A copy of the agreement is referenced herein as *Schedule I* (filed with the original complaint in Docket #1-1 on July 13, 2011).

7. On or about August 27, 2008, the 120 days prior to the date hereof, Defendant rescinded *Schedule I*.  *Schedule II* (filed with the original

   complaint in Docket #1-2 on July 13, 2011) is a copy of said rescission and is referenced herein.

8. Defendant has destroyed the investor relationships of Plaintiff.  Because of Plaintiff's commitment to Defendant, it was impossible for Plaintiff to obtain alternative investment funds.

9. Defendant, through its agent, including Archie C. Eggleton ("Eggleton"), at all times relevant hereto, promised Plaintiff that Defendant would fund Plaintiff as a successful business operation.

10. After beginning the banking relationship with Defendant, Plaintiff's business investment operations continued to expand until on or about August 21, 2008, when the Defendant issued *Schedule II*.

11. On or about June 1, 2008, Defendant, through its representative, Eggleton, ratified the Bank's promise fund a $40,000,000.00 credit capital commitment.

12. At all times relevant hereto, Plaintiff relied on the promises of Defendant to provide financing for Plaintiff's operations.

13. Defendant never satisfied its commitments and promises to Plaintiff.

14. As a direct result of Defendant's breach of promises, Plaintiff was financially devastated.

15. In order to continue its misrepresentations to Plaintiff, Defendant continued to promise that Defendant would honor *Schedule I*.

16. Plaintiff's investment operation was widely accepted throughout the United States based upon the $40,000,000.00 commitment of Defendant.

17. Beginning on August 21, 2008, as a direct result of Defendant's withdrawal of funding, Plaintiff lost its entire project.

18. Defendant's failure to satisfy its funding commitment has necessitated that Plaintiff discontinue Plaintiff's Holland Township development.

19. Defendant, through its unlawful activities and actions, violated the Mortgage Banker Lenders and Services Licensing Act – MCLA 445.1651, et al.

20. Defendant's material misrepresentations in connection with its transaction pertaining to Plaintiff violated Section 23 of Act MCLA 445.1672(p)

21. At all times relevant hereto, Plaintiff was represented by its broker agent Grand Capital Financial through Grand Capital Financial's principal, Judy Wang.

22. A contract was negotiated and consummated by *Schedule I* dated June 6, 2008 which specifically specifies that the intent of Fifth Third was to unconditionally provide the letter of intent for $40,000.00:

> "Great American Sports Complexes, LLC desiring to borrow such funds must obtain a Letter of Credit (LOC) from a domestic (U.S.) or international bank having offices in the U.S. or confirmed by a U.S. bank.  The issuing LOC bank receives acceptable collateral (i.e., cash, securities, real estate or any other assets which it deems acceptable) in exchange for the issuance of the LOC.  The LOC need NOT be issues in such a manner that it can be drawn upon.  International SBLC's generally provide the same strength as a Direct-Pay LOC.  It is essential that the SBLC or DPLOC pay 100% of the original value of the LOC in the event of default.  Cash is funded at 110 basis points above the 30-day LIBOR rate of interest.
>
> Funds available through this program can be on an "interest-only" basis and may not require amortization.  Therefore, funds remain outstanding as long as the LOC remains outstanding.  Should the

       bank issuing the LOC require amortization, the bank can, likewise, reduce the amount of the LOC in future years.

       Because of the interest-only feature, anyone (including the bank) can maintain the interest payments, thus assuring the LOC does not go into default.  Funds are available up to the bank's own ability to issue a dollar-maximum LOC.

       Funding of this transaction generally requires 2 – 4 weeks after the LOC is issued or 2 – 4 weeks from the confirming bank, for international LOCs."

23. At all times relevant hereto, Fifth Third intended that Plaintiff rely on *Schedule I*.  Plaintiff did rely on *Schedule I* in discontinuing negotiations with alternative investors and in negotiating project approval by Sheldon Township, Michigan.

24. Prior to August 21, 2008, Plaintiff spent an enormous sum of money as is set forth herein prior to and subsequent to June 6, 2008.  Plaintiff retained the engineering and planning expertise of Nederveld, Inc. of Grand Rapids, Michigan to finalize the plans.

25. A Preliminary PUD and Supplementary Update is enclosed herewith as *Schedule 3*.  A copy of *Schedule 3* is also in the possession of Defendants.

The remainder of the original Complaint filed on July 13, 2011 remains the same.

Dated:  October 11, 2011                    DOYLE & MALINZAK, P.C.
                                                Attorneys for Plaintiff

                                                By: */s/ T. Michael Doyle*
                                                   T. Michael Doyle (P12931)
                                                   10967 Paw Paw Drive
                                                   Holland,  Michigan 49424
                                                   (616) 335-2700