UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT AMERICAN SPORTS
COMPLEXES, LLC,

   Plaintiff,

CASE NO. 1:11-cv-719

v.

HON. ROBERT HOLMES BELL

FIFTH THIRD BANK,

   Defendant.
_____/

**O P I N I O N**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's first amended complaint. (Dkt. No. 23.) For the reasons that follow, Defendant's motion will be granted.

**I.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, "that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## II.

Plaintiff argues that Defendant's motion to dismiss is inappropriate because Defendant does not deny the factual allegations raised in the amended complaint. (Dkt. No. 26 at 1.) However, when considering a motion to dismiss, the Court must accept as true all of Plaintiff's factual allegations. To survive the motion, Plaintiff must allege facts sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950.

Plaintiff maintains that it entered into an enforceable contract with Defendant, and that Defendant breached this contract by failing to provide $40 million in funding. However, this is a legal conclusion which need not be accorded deference, and the Court finds that Plaintiff's breach of contract claim (Count I) fails to state a claim for which relief may be granted.

Plaintiff references a letter of intent (Dkt. No. 1, Ex. 1) as the basis of an express contract to provide $40 million in funding. Defendant argues that this letter was merely an offer which, as the pleadings show, was subsequently revoked. (Dkt. No. 1, Ex. 2.) The Court is inclined to agree. However, even if Plaintiff could establish that a contract was formed, the letter of intent clearly includes a condition precedent which Plaintiff did not satisfy. The letter states, "Please be advised that our approval for this funding is based upon

2

issuance of a Letter of Credit . . . Great American Sports Complexes, LLC desiring to borrow such funds must obtain a Letter of Credit (LOC) from a domestic (U.S.) or international bank having offices in the U.S. or confirmed by a U.S. bank." Under Michigan law, Plaintiff cannot prevail on a breach of contract claim unless it first satisfied the express condition precedent in the alleged contract. *See Culver v. Castro*, 338 N.W.2d 232, 234 (Mich. Ct. App. 1983). Plaintiff does not allege that it sought or obtained such a letter. Thus, whether or not a contract was formed, Plaintiff's breach of contract claim must fail.

Plaintiff's claim for unlawful interference with business opportunities (Count II) also fails. Unlawful interference involves intentional interference with a valid business relationship between the claimant and a third party. *Health Call of Detroit v. Atrium Home & Health Svcs., Inc.*, 706 N.W.2d 843, 849 (Mich. Ct. App. 2005). Plaintiff's complaint fails to allege a business relationship with any third party. Indeed, Plaintiff's response brief indicates that the claim is directed at the relationship between Plaintiff and Defendant. As the relationship between a claimant and defendant cannot itself serve as a basis for an unlawful interference claim, dismissal is proper. *Hutton v. Roberts*, 451 N.W.2d 536, 538 (Mich. Ct. App. 1988).

Plaintiff's pleadings are also deficient with respect to its unjust enrichment claim (Count III). Plaintiff's complaint alleges that "[a]s a direct result of Defendant's unlawful actions, Defendant has had the use of said $40,000.00 [sic] which Defendant failed to loan to Plaintiff. In addition, Defendant, to the extreme detriment of Plaintiff, received excessive

consideration from Plaintiff. Said action was unjust enrichment to Defendant to the direct detriment of Plaintiffs." (Dkt. No. 1 ¶ 30.) Thus, Plaintiff asserts that Defendant was unjustly enriched by retaining its own money and by "excessive consideration."

The claim that Fifth Third improperly retained its own money does not state a claim for unjust enrichment, which must derive from "a receipt of a benefit by the defendant from the plaintiff . . . ." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). Plaintiff's allegation that Defendant was unjustly enriched by "excessive consideration" also fails because Plaintiff does not plead with any specificity what, if any, consideration it gave to Defendant. Count III must be dismissed because Plaintiff has not put forward facts that raise its right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

Plaintiffs remaining claims of fraudulent misrepresentation (Count IV) and negligent misrepresentation (Count V) will also be dismissed. Under Fed. R. Civ. P. 9(b), a plaintiff must plead "with particularity the circumstances constituting fraud or mistake." "To meet the particularity requirements of Rule 9(b), Plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 792 (E.D. Mich. 2010) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 569-570 (6th Cir. 2008)).

Plaintiff's complaint lists the elements of a claim of fraudulent representation (Count IV) and alleges that Defendant made material representations that it knew were false. The

complaint does not, however, specify the time, place, or contents of the alleged misrepresentations, and fails to provide defendant with a "more specific form on notice as to the particulars of [its] alleged misconduct" as required by Rule 9(b). *United States ex rel Bledsoe v. Cmty. Health Sys. Inc.*, 501 F.3d 493, 503 (6th Cir. 2007).

Plaintiff's claim of negligent misrepresentation (Count V) fares no better. Under Count V, Plaintiff alleges that "Defendant's representations were **fraudulent** in inducing Plaintiff's herein referenced reliances . . . ." (Dkt. No. 1 at ¶ 37 (emphasis added).) As the claim alleges fraud, it must also be plead with particularity, and also falls astray of Rule 9(b).

Finally, several counts in Plaintiff's complaint are also subject to dismissal because of their reliance on oral statements barred by the statute of frauds. Counts II (unlawful interference), IV (fraudulent representation), and V (negligent representation) all reference unspecified "promises" and "representations." To the extent that Plaintiff is relying on alleged oral promises by Defendant, such promises are barred by Mich Comp. Laws § 566.132(2).

Having carefully considered Plaintiff's complaint and the briefs submitted on Defendant's motion to dismiss, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Defendant's motion will be granted, and Plaintiff's claim will be dismissed. An order consistent with this opinion will be entered.

Dated: January 20, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE